GEORGE FIXTER, PLAINTIFF, v. CLARENCE VAN DEREN, DEFENDANT.

Decided June 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Conover English*.

*Contra, Hobart & Minard*.

PER CURIAM.

There was a verdict for the plaintiff in the Hudson County Circuit against the defendant for the sum of $3,765, and a verdict against the defendant, and in favor of the plaintiff on a counter-claim, filed by the defendant in the action.

A rule to show cause was obtained from the trial judge why both of these verdicts should not be set aside and a new trial granted.

The record before us shows, that after the commencement of the action by George Fixter, the plaintiff herein, he died, and Mary Fixter, his executrix, was substituted on the record.

The testimony discloses, that on April 15th, 1920, Fixter and his wife, entered into a written contract with the defendant, whereby the former agreed to sell to the latter, certain land in the town of Harrison for $25,000. The sum of $5,000 was to be paid on the signing of the contract, and the balance of $20,000 at the time of the passing of title, which was to take place on or before the second day of August, 1920.

The sum of $5,000 was paid on the day of the execution of the contract.

When the time for passing of the title arrived, it was mutually agreed between the parties to extend its performance to August 5th, 1920. On that date, a further agreement was entered into between the respective parties, as to the payment of the consideration money.

The agreement acknowledges the receipt of $5,000 by the plaintiff, on account of the purchase price of the property, according to the terms and conditions of the contract, and also acknowledges the receipt on August 5th, 1920, of the further sum of $15,000 on account of the sale price of the property, and provided that as soon as the question of the riparian rights is settled, according to said contract, the plaintiff is to receive the balance of $5,000. From that time on, till 1925, five years after the last payment was made, the matter seems to have slumbered, for nothing appears to have been done by the defendant, to settle the question of riparian rights, and it was only after this great lapse of time, that Fixter brought his action to recover the $5,000 which was held by the defendant, with the former's consent, so that the defendant should be afforded an opportunity to settle the question of riparian rights, as stipulated in the contract of August 5th, 1920.

The testimony further discloses that the defendant in acquiring title to the Fixter property, was acting for the Otis Elevator Company, but in his own name, and that he also acquired other tracts of land in that vicinity for the same purpose and in like manner.

It further appears that by deed dated March 8th, 1922, but which deed was not recorded until December 11th, 1925, the defendant conveyed to the Otis Elevator Company, together with other tracts of land he had acquired, the same premises he bought from Fixter, and as has already been pointed out, the defendant had done nothing whatever in regard to having the riparian rights settled. It seems, that before the case came on for trial, through negotiations or otherwise, the defendant paid to the plaintiff the sum of

$3,500 on account of the $5,000, leaving $1,500 which the plaintiff claimed was due and owing to the estate of George Fixter, he having died in the meanwhile, so that at the time of the trial, the claim of the plaintiff was that the estate was entitled to recover interest on the sum of $5,000 from August 5th, 1920, to February 4th, 1928, at which time the defendant paid $3,500 on account, to the plaintiff, and the sum of $1,500 with interest, from February 4th, 1928, to the date of the trial.

On behalf of the defendant, it was insisted that the plaintiff was not entitled to any interest, either on the $5,000 or the $1,500, under the circumstances under which the payment of the said sums was withheld by the defendant.

Under the counter-claim, defendant insisted he was entitled to be reimbursed by the plaintiff for the expenses which he incurred as a result of the application made by him in the name of the Otis Elevator Company, to the board of commerce and navigation, to obtain a deed for the riparian rights, for which deed the defendant claimed he expended altogether, the sum of $865.65.

At the close of the case, counsel of the defendant requested the trial judge to direct a verdict for the defendant on the counter-claim, in the sum of $865.65, which motion was denied.

On behalf of the plaintiff a motion was also made for the direction of a verdict, on the ground that the defendant had not sustained the burden of proof of his defense. This motion was also denied.

We think both of these motions were properly denied, since the questions involved were mixed questions of law and fact.

Counsel for defendant in his brief submitted to the court, says: "Two main questions, therefore, arise on this rule to show cause: (1) Did the trial judge commit error at law in leaving the case to the jury in charging them to construe the contract?

"2. Assuming he correctly left the case to the jury, should the verdict be set aside as contrary to the weight of the evidence?"

The first question assumed that the trial judge in his charge to the jury instructed it to ·construe the contract, whereas a plain reading of the charge makes it clear he did not do so.

From the testimony in the cause it appears, that at the time the contract was entered into between the paries, there existed certain riparian rights which the plaintiff had acquired and which his grantors had secured from the board of freeholders, &c., and that the plaintiff could only have had in mind to give such riparian rights as he then had, whilst for the defendant it was claimed that the term "riparian rights," as used in the contract, was intended to cover more than the limited grant made by the board of freeholders, and this situation, manifestly, raised a factual question, as to what the intention of the parties was, and therefore was for the decision of a jury.

We think the trial judge accurately applied the legal rule to the facts developed by the testimony, and properly submitted the question to the jury.

After a careful examination of the testimony in the cause, we have also reached the conclusion that the verdicts rendered by the jury were warranted by the evidence.

The rule to show cause is discharged, with costs.